**FILED**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

JUL 2 8 2005


CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 04-30129 |
| | * | |
| Plaintiff, | * | |
| | * | |
| -vs- | * | OPINION AND ORDER |
| | * | |
| JASON LONG SOLDIER, SR., | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On June 29, 2005, the defendant was sentenced to twelve months of imprisonment in connection with his conviction for making a false statement in violation of 18 U.S.C. § 1001. The defendant timely filed a notice of appeal on July 6, 2005 (Doc. 27). On July 11, 2005, the defendant filed a motion for release pending the appeal of his sentence (Doc. 29). The government filed its response (Doc. 34) on July 26, 2004.

18 U.S.C. § 3143(b) sets forth the standards governing the release of convicted persons pending direct appeals:

> **Release or detention pending appeal by the defendant.--(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> **(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> **(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> **(i)** reversal,
>
> **(ii)** an order for a new trial,
>
> **(iii)** a sentence that does not include a term of imprisonment, or

> **(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant. Fed. R. Crim. P. 46(c). Defendant argues that there is no evidence that he is a risk of flight or danger to the community. This contention is suspect in light of the defendant's history of alcohol abuse and resulting behavior. The defendant was released on bond in this case. After pleading guilty to the indictment, the defendant was contacted by his supervising probation officer on April 21, 2005, on Main Street in Eagle Butte. A preliminary breath test indicated a .195% blood alcohol content. The defendant's bond was revoked on May 10, 2005, and he was detained pending the sentence hearing. Moreover, the defendant has adult state court criminal convictions for failure to stop after an accident causing property damage, driving under the influence, possession of alcohol by a minor, and second degree petty theft. According to paragraph 35 of the presentence report, the defendant has been arrested by Cheyenne River Sioux Tribal Law Enforcement 18 times for drunkenness or public consumption. In light of his behavior while released on bond in this case and his past history of alcohol abuse, the defendant has not proved by clear and convincing evidence that he does not pose a danger to any other person or to the community.

Additionally, the Eighth Circuit requires "a showing that the appeal presents 'a close question' -- not 'simply that reasonable judges could differ' -- on a question 'so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'" United States v. Marshall, 78 F.3d 365, 366 (8th Cir. 1996) (*quoting* United States v. Powell, 761 F.2d 1227, 1234 (8th Cir. 1985)). After finding that the defendant did not clearly demonstrate acceptance of responsibility for his offense, the Court determined that the defendant's base offense level was 6. With a criminal history category II, his guideline range was 1-7 months. Due to the defendant's less than admirable behaviors in the past, his disregard for orders of the various courts he has appeared before, his violation of the conditions of pretrial release, and the inadequacy of his criminal history, the Court determined that a sentence above the advisory guideline range was appropriate. The Court sentenced the defendant to twelve months of imprisonment. This was certainly not an

exorbitant sentence, considering that the statutory maximum sentence for a violation of 18 U.S.C. § 1001 is five years imprisonment. The defendant's sentence represented only a five month departure from the high end of the advisory guideline range. In short, because the Court acted well within its discretion and sentenced the defendant taking into account all of the factors set forth in 18 U.S.C. § 3553, the defendant's appeal is not likely to result in a reduced sentence.

Now, therefore,

IT IS ORDERED that the defendant's motion for release pending appeal (Doc. 29) is denied.

Dated this 27th day of July, 2005.

BY THE COURT:

_____
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Barbara J Paepke
            DEPUTY
(SEAL)